## Oberle *versus* Schmidt *et al.*

In a suit upon a promissory note, brought by the third endorser against the second, the latter in an affidavit of defence averred that he was informed, believed and expected to be able to prove that the suit was brought for the use and benefit of the first endorser (also payee), who was the real owner and holder of the note, and not for the benefit of plaintiffs who were merely nominal holders. *Held* (reversing the court below), that this averment was sufficient to carry the case to the jury, as the payee and first endorser was responsible to every subsequent endorser, and had no right of action against them if he was really the owner of the note.

February 6th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Error to the Court of Common Pleas, No. 1, of *Philadelphia county:* Of July Term 1875, No. 91.

Assumpsit by Schmidt & Heil against Charles L. Oberle on a promissory note, made by C. Rhoads, to the order of Charles M. Fauth, and endorsed by Charles M. Fauth, Charles L. Oberle and Schmidt & Heil in the order named. Oberle put in an affidavit of defence, wherein he averred that he was informed, believed and expected to be able to prove, that Fauth was the real owner and holder of the note, and that the suit was brought for his benefit and not for that of plaintiffs, who were merely nominal holders. The court held this affidavit was insufficient, and entered judgment for the plaintiffs, which action defendant assigned for error.

*E. B. Watson* and *R. L. Ashhurst*, for plaintiff in error.—Fauth was responsible to defendant below, and if he was the owner and holder and real plaintiff could not recover against defendant: Murray *v.* McKee, 10 P. F. Smith 35; Slack *v.* Kirk, 17 Id. 380; Allwine *v.* Garberick, 8 Phila. R. 637. Defendant swears he "is informed, believes and expects to be able to prove." This was sufficient to send the case to a jury: Black *v.* Halstead, 3 Wright 71. Defendant need not state the manner in which he will prove or the evidence by which he will establish his claim: Eyre *v.* Yohe, 17 P. F. Smith 477. Can either state grounds of belief or state what he expects to prove: Bronson *v.* Silverman, Leg. Gaz., vol. 7, p. 355, 1875; 27 P. F. Smith 94; Twitchell *v.* McMurtrie, Id. 383; Moeck *v.* Littell, 1 Norris 354.

No paper-book nor appearance, contra.

Mr. Justice PAXSON delivered the opinion of the court, March 11th 1878.

This was an action by the holder of a promissory note against a prior endorser. Prima facie he would be entitled to recover; but the defendant put in an affidavit of defence, averring that he is informed and believes, and expects to be able to prove, that the suit

[Oberle *v.* Schmidt.]

is brought for the use and benefit of Charles M. Fauth (payee and first endorser), who is the real owner and holder of said note, and not for the benefit of the plaintiffs, who are merely nominal holders. This averment was sufficient to carry the case to a jury. Fauth is responsible, as payee and first endorser, to every subsequent endorser.. Hence, if Schmidt & Heil are allowed to recover against Oberle, the next preceding endorser, he, in turn, would have his remedy against Fauth. It is plain that the latter can have no right of action against any of the subsequent endorsers, and if he is really the owner of the note, as alleged in the affidavit, and this suit was brought for his benefit, there can be no recovery.

Judgment reversed, and a procedendo awarded.